WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gilbert Hospital, LLC<br><br>Debtor. | No. CV-18-03307-PHX-GMS<br><br>No. 2:14-BK-1451<br>Adv. No. - NA<br><br>**ORDER** |
| Brinkman Portillo Ronk APC,<br><br>          Appellant,<br><br>v.<br><br>Michael W. Carmel Limited, et al.<br><br>          Appellees. | |

Pending before the Court is the Motion to Dismiss of Appellee Southwest Medical Services, Inc. ("SMS") (Doc. 12). Appellee Michael W. Carmel Limited ("Carmel") has joined in the Motion (Doc. 13) and the Reply. For the following reasons the Motion is denied.

**BACKGROUND**

This appeal arises out of an underlying bankruptcy action in the United States Bankruptcy Court for the District of Arizona. In that action, the Bankruptcy Court imposed sanctions against Brinkman Portillo Ronk APC ("BPR") for failure to comply with a court order. (Doc. 1 at 19.) As part of those sanctions, the Bankruptcy Court revoked the BPR attorneys' *pro hac vice* status as of October 1, 2018. (*Id.*) BPR filed a notice of appeal

regarding the sanctions on September 25, 2018, and SMS subsequently filed a Statement of Election to Proceed in District Court, which transferred this action from the Bankruptcy Appellate Panel for the Ninth Circuit to this Court. At the time of the filing of the Notice of Appeal, BPR's *pro hac vice* status was still in effect.

BPR filed its opening brief on March 8, 2019. (Doc. 6.) SMS then filed this Motion to Dismiss on March 15, 2019. Between October 1, 2018, and March 25, 2019, no attorney representing BPR had been admitted *pro hac vice* in this Court. On March 25, the Court granted the *pro hac vice* motion for Jonathan Jordan; on April 1, for Laura Portillo and Kevin Ronk; and on April 2, for Daren Brinkman. Currently, then, four attorneys for BPR have been granted *pro hac vice* status in this matter. The question presented by this motion is whether that granting of *pro hac vice* status cures the problem created by BPR's filing of its opening brief when none of those attorneys were admitted to practice in this Court and none of them had *pro hac vice* status.

**DISCUSSION**

It is well established that "corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *State v. Liberty Bail Bonds*, 2008 WL 4095513, at *3 (Ariz. Ct. App. 2008). However, an exception to that rule exists for law firms, which can represent themselves. *See Munger Chadwick, P.L.C. v. Farwest Development and Construction of the Southwest, LLC*, 235 Ariz. 125, 127, 329 P.3d 229, 231 (2014) ("[T]he more properly stated rule is that a partnership, or a corporation, may not be represented by someone who is not authorized to practice law. . . . When stated this way, it becomes obvious that a law firm is not barred from representing itself.").

SMS contends that BPR is unable to represent itself in this action. However, BPR, as a law firm, can represent itself on this appeal without hiring outside legal representation. The parties do not contest that at the time BPR filed its notice of appeal, the Bankruptcy Court had not yet revoked the *pro hac vice* admission of the BPR attorneys. The notice of appeal therefore was valid and timely.

1 SMS also argues that even if BPR can represent itself, it did not have attorneys admitted to practice in this Court at the time it filed its opening brief and therefore this Court lacks jurisdiction over the appeal and it must be dismissed. As authority for this proposition, SMS cites *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972 (9th Cir. 2004). Specifically, SMS argues that *D-Beam* stands for the proposition that BPR is unable to cure the defect in its opening brief—caused by the fact that no attorney representing it at the time was admitted to practice before this court—by subsequently applying for and receiving *pro hac vice* admission. But that was not *D-Beam*'s holding. In that case, an individual filed suit on behalf of himself and his company *pro se*. *Id.* at 973. The district court, pursuant to a local rule requiring all corporations and other entities to be represented by counsel, required the company, D-Beam, to be represented in trial proceedings. *Id.* After all the company's claims were dismissed on summary judgment, the individual continued to represent himself on his own claim. *Id.* That claim proceeded, and the verdict went against the plaintiff. *Id.*

The plaintiff then filed a notice of appeal *pro se*. *Id.* The signature line on the notice read only "Brian Evans, *pro se*," and nothing on the notice of appeal suggested that D-Beam was also appealing its dismissed claims. *Id.* at 974. The plaintiff therefore had not filed notice of appeal on behalf of his company, only himself. *Id.* The plaintiff-appellant filed his opening brief *pro se* and asserted his claims as well as those of the company. The Ninth Circuit then appointed pro bono counsel *sua sponte* to "benefit the court's review" in the case. *Id.*

Nevertheless, the Court concluded that it lacked jurisdiction to hear the appeal of the company's claims, centering its holding on the notice of appeal. Since the plaintiff did not "purport to sign [the notice of appeal] on behalf of D-Beam, the notice [was] inadequate to give notice of D-Beam's intent to appeal." *Id.* Thus, the Ninth Circuit concluded that it lacked jurisdiction to hear the company's claims. *Id.* The Court went on to support its holding by noting that, unlike a previous case, *In re Bigelow*, 179 F.3d 1164 (9th Cir. 1999), the corporation had not obtained representation between the filing of the notice of appeal

and the filing of subsequent motions and pleadings. *D-Beam*, 366 F.3d at 974. That being the case, the court noted, "[t]hough a corporate officer's signing the notice of appeal does not render that notice invalid, all subsequent motions and pleadings must be filed by counsel." *Id.* "Even if Evans's notice of appeal were adequate to assert D-Beam's claims, we lack jurisdiction over those claims because D-Beam did not retain counsel prior to the filing of motions and pleadings on appeal." *Id.*

SMS contends that "[t]he Ninth Circuit ultimately ruled that it lacked jurisdiction over the company's appeal because the company did not retain counsel prior to the filing of motions and pleadings on appeal." (Doc. 19 at 5) (quotation marks omitted). But that is not the situation in this case. Here BPR, representing itself *pro hac vice*, filed a notice of appeal in the Bankruptcy Court. The *pro hac vice* status of its attorneys was subsequently revoked, yet it still filed its opening brief in this Court. The Court, subsequent to the filing of that brief, granted *pro hac vice* applications for four attorneys appearing on BPR's behalf. *D-Beam*'s holding does not preclude the retroactive application of the grant of *pro hac vice* status to cure the problem created by the filing of the opening brief by attorneys not authorized to appear before the Court. Rather, *D-Beam* dealt with a situation in which a *non-attorney* filed briefs asserting the claim of a corporation that could not represent itself *pro se*. Here, BPR was represented by attorneys, but attorneys who had not yet been granted *pro hac vice* status and whose applications were subsequently granted. *See Munger Chadwick*, 235 Ariz. at 127.

SMS also argues that the Bankruptcy Court's revocation of the BPR attorneys' *pro hac vice* admission remains effective even on this appeal. In effect, SMS argues that the Bankruptcy Court's revocation controls and leaves this Court powerless to grant *pro hac vice* admission for the appeal. But SMS cites no case law supporting this contention.

Attorneys must apply for *pro hac vice* admission separately in both the Bankruptcy Court and this Court. *See* APPLICATION AND INSTRUCTIONS FOR OUT-OF-STATE ATTORNEYS TO APPEAR PRO HAC VICE, http://www.azd.uscourts.gov/forms/application-and-instructions-out-state-attorneys-appear-pro-hac-vice (last visited April 11, 2019). The

admission to practice *pro hac vice* before this Court is therefore a separate determination from such a determination in the Bankruptcy Court, and the Bankruptcy Court's decision to revoke the BPR attorney's *pro hac vice* admission does not preclude this Court from granting *pro hac vice* admission for purposes of this appeal. *Cf. Cove/Mallard Coalition v. U.S. Forest Service*, 67 Fed. Appx. 426, 429 (9th Cir. 2003) (citing *United States v. Thorpe*, 655 F.2d 997, 009 (9th Cir. 1981) ("In general, timely filing of a proper notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal."). Thus, this Court retains the authority to grant *pro hac vice* status to the BPR attorneys for this appeal and has in fact already done so.

## CONCLUSION

BPR, as a law firm, can represent itself on this appeal. The BPR attorneys had *pro hac vice* status when they filed the notice of appeal. And this Court has subsequently granted *pro hac vice* admission for the attorneys.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Appellee SMS (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to the Court's Order, (Doc. 15), SMS shall file an answering brief **fourteen (14) days** of the date of this Order.

Dated this 8th day of May, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge